Elizabeth B. Kim (State Bar No. 252408)
ebkim@JonesDay.com
JONES DAY
3161 Michelson Drive
Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KING TRUMP, an Individual,<br><br>            Plaintiff,<br><br>      v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., a business entity, form unknown; and DOES 1-10, Inclusive,<br><br>            Defendants. | Case No. CV 2:10-CV-09779-JAK (RZx)<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to the stipulation by and between Plaintiff John King Trump and Defendant Experian Information Solutions, Inc. ("Experian"), through their respective attorneys of record filed herewith, and good cause appearing,

IT IS HEREBY ORDERED THAT:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential

1  information shall be and hereby is made by this Court on the following terms:

2      1.   This Order shall govern the use, handling and disclosure of all
3  documents, testimony or information produced or given in this action which are
4  designated to be subject to this Order in accordance with the terms hereof.

5      2.   Any party or non-party producing or filing documents or other
6  materials in this action may designate such materials and the information contained
7  therein subject to this Order by typing or stamping on the front of the document, or
8  on the portion(s) of the document for which confidential treatment is designated,
9  "Confidential."

10     3.   To the extent any motions, briefs, pleadings, deposition transcripts, or
11 other papers to be filed with the Court incorporate documents or information
12 subject to this Order, the party who intends to file such papers shall give five (5)
13 business days' notice to the party who designated such materials as "Confidential"
14 so that the designating party has the opportunity to file the application required
15 pursuant to Central District Local Rule 79-5.1 for such papers to be filed under seal.
16 The filing party shall cooperate with the designating party to allow the application
17 to be filed along with the Confidential documents or information.

18     4.   All documents, transcripts, or other materials subject to this Order, and
19 all information derived therefrom (including, but not limited to, all testimony,
20 deposition, or otherwise, that refers, reflects or otherwise discusses any information
21 designated Confidential hereunder), shall not be used, directly or indirectly, by any
22 person for any business, commercial or competitive purposes or for any purpose
23 whatsoever other than solely for the preparation and trial of this action in
24 accordance with the provisions of this Order.

25     5.   Except with the prior written consent of the individual or entity
26 asserting confidential treatment pursuant to prior Order after notice, any document,
27 transcript or pleading given confidential treatment under this Order, and any
28 information contained in, or derived from any such materials (including but not

1  limited to, all deposition testimony that refers, reflects or otherwise discusses any
2  information designated confidential hereunder) may not be disclosed other than in
3  accordance with this Order and may not be disclosed to any person other than: (a)
4  the Court and its officers; (b) parties to this litigation; (c) counsel for the parties,
5  whether retained counsel or in-house counsel and employees of counsel assigned to
6  assist such counsel in the preparation of this litigation; (d) fact witnesses subject to
7  a proffer to the Court or a stipulation of the parties that such witnesses need to
8  know such information; (e) present or former employees of the producing party in
9  connection with their depositions in this action (provided that no former employees
10 shall be shown documents prepared after the date of his or her departure); and (f)
11 experts specifically retained as consultants or expert witnesses in connection with
12 this litigation.

13     6.     Documents produced pursuant to this Order shall not be made
14 available to any person designated in Subparagraph 5(f) unless he or she shall have
15 first read this Order, agreed to be bound by its terms, and signed the attached
16 Declaration of Compliance.

17     7.     All persons receiving any or all documents produced pursuant to this
18 Order shall be advised of their confidential nature.  All persons to whom
19 confidential information and/or documents are disclosed are hereby enjoined from
20 disclosing same to any other person except as provided herein, and are further
21 enjoined from using same except in the preparation for and trial of the above-
22 captioned action between the named parties thereto.  No person receiving or
23 reviewing such confidential documents, information or transcript shall disseminate
24 or disclose them to any person other than those described above in Paragraph 5 and
25 for the purposes specified, and in no event shall such person make any other use of
26 such document or transcript.

27     8.     Nothing in this Order shall prevent a party from using at trial any
28 information or materials designated "Confidential."

1  9.   This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

10.   Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished same.

11.   In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall follow the procedures set forth in Central District Local Rule 37. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

12.   Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

13.   The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

IT IS SO ORDERED.

Dated: August 5, 2011_____

/S/ ANDREW J. WISTRICH
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective order entered in this action on _____, 2011.

5. I have carefully read and understand the provisions of this Stipulated Protective order.

6. I will comply with all provisions of this Stipulated Protective order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Stipulated Protective order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of

1  enforcing the Stipulated Protective order in this Action.
2      I declare under penalty of perjury under the laws of the United States that the
3  following is true and correct.
4      Executed this ____ day of _____, 2011 at _____.

_____
QUALIFIED PERSON